FILED
02 DEC -4 PM 4:30
S... ... ...RT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GULF INSURANCE GROUP, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO: |
| MARY DUNCAN WOOD, As Administratrix of the Estate of Janie C. Duncan, Deceased; TALLADEGA HEALTHCARE CENTER, INC.; BOBBY STEPHENSON; TRACY HUMBLE; and GUIDEONE INSURANCE, | ) CV-02-PT-2958-E |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES THE PLAINTIFF, Gulf Insurance Group, and pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§2201 *et seq.*, hereby makes its complaint for declaratory relief, prays this Court take jurisdiction of this cause and grant it such relief as sought herein or such relief as is deemed appropriate by a Court of competent jurisdiction.

**THE PARTIES**

1.   Plaintiff, Gulf Insurance Group, is a foreign corporation with its principal place of business located in New York, NY and who was qualified and engaged in the business of writing policies of insurance in the State of Alabama at all times referred to herein.

2.   Defendant Mary Duncan Wood, As Administratrix of the Estate of Janie Duncan, Deceased, is a resident and citizen of Hixson, TN, over the age of 19 years, and is the named plaintiff in the case styled *Mary Duncan Wood, As Administratrix of the Estate of Janie Duncan, Deceased vs. Talladega Healthcare Center, Inc; Bobby Stephenson; Tracy Humble, et al.*, bearing Civil Action



Number CV-00-567, and which is currently pending in the Circuit Court of Talladega County, Alabama.

   3. Defendant Talladega Healthcare Center, Inc. is a domestic corporation operating as a nursing home facility in Talladega County, Alabama and is a named defendant in the case styled *Mary Duncan Wood, As Administratrix of the Estate of Janie Duncan, Deceased vs. Talladega Healthcare Center, Inc; Bobby Stephenson; Tracy Humble, et al.*, bearing Civil Action Number CV-00-567, and which is currently pending in the Circuit Court of Talladega County, Alabama.

   4. Defendant Bobby Stephenson is the Nursing Home Administrator for Talladega Healthcare Center, Inc. and is a resident and citizen of the State of Alabama and over the age of nineteen. Stephenson is a named defendant in the case styled *Mary Duncan Wood, As Administratrix of the Estate of Janie Duncan, Deceased vs. Talladega Healthcare Center, Inc; Bobby Stephenson; Tracy Humble, et al.*, bearing Civil Action Number CV-00-567, and which is currently pending in the Circuit Court of Talladega County, Alabama.

   5. Defendant Tracy Humble is, based upon information and belief, the Director of Nursing for Talladega Healthcare Center, Inc. and is a resident and citizen of the State of Alabama and over the age of nineteen. Humble is a named defendant in the case styled *Mary Duncan Wood, As Administratrix of the Estate of Janie Duncan, Deceased vs. Talladega Healthcare Center, Inc; Bobby Stephenson; Tracy Humble, et al.*, bearing Civil Action Number CV-00-567, and which is currently pending in the Circuit Court of Talladega County, Alabama.

   6. Defendant GuideOne Insurance, a corporation, is an insurer with its principal place of business in West Des Moines, Iowa and which at all material times has been qualified and licensed to write policies of insurance in the State of Alabama.

7. Defendants A-F are those persons or individuals who have any interest, financial or otherwise, in the incident made the basis of the underlying suit styled *Mary Duncan Wood, As Administratrix of the Estate of Janie Duncan, Deceased vs. Talladega Healthcare Center, Inc; Bobby Stephenson; Tracy Humble, et al.*, bearing Civil Action Number CV-00-567, and which is currently pending in the Circuit Court of Talladega County, Alabama, and/or who otherwise have a claim for recovery from the plaintiff as a direct and proximate result of said incident, but whose names are unknown to the plaintiff at this time.

## JURISDICTION AND VENUE

8. This declaratory judgment action arises out of a dispute or controversy that exceeds $75,000.00.

9. Pursuant to 28 U.S.C. § 1331(a)(1), there is complete diversity of citizenship between the parties.

10. This Court has original jurisdiction of this action.

11. Venue is proper pursuant to 28 U.S.C. § 1391(a) inasmuch as this action is brought in the judicial district where a defendant resides.

## THE FACTS

12. The Plaintiff hereby incorporates by reference all averments, allegations and facts found in paragraphs 1-11 as if fully set forth here.

13. Plaintiff says upon information and belief that Janie Duncan died on or about January 28, 2000. At the time of her death, Janie Duncan was a resident at Talladega Healthcare Center, Inc. ("Talladega Healthcare").

14. Defendant Mary Duncan Wood ("Wood"), in her capacity as Administratrix of the Estate of Janie Duncan, thereafter on or about December 14, 2000 filed the "underlying suit" styled

*Mary Duncan Wood, As Administratrix of the Estate of Janie Duncan, Deceased vs. Talladega Healthcare Center, Inc; Bobby Stephenson; Tracy Humble, et al.*, bearing Civil Action Number CV-00-567, and which is currently pending in the Circuit Court of Talladega County, Alabama. In her complaint, Defendant Wood alleges that the defendants in the underlying suit "wholly failed to discharge their obligations of care to Ms. Duncan, causing her wrongful death." Wood brought suit under Alabama's Wrongful Death Act and the Alabama Medical Liability Act.

15. In support of Wood's claims in the underlying suit against the defendants, Wood alleged that the defendants were guilty of "recurrent negligence" and that the "scope and severity of [such negligence] inflicted upon Ms. Duncan while under the care of the facility accelerated the deterioration of her health and physical condition beyond that caused by the normal aging process and resulted in... physical and emotional trauma... and hastened her death." Wood alleged that the defendants were "negligent or grossly negligent or acted wantonly, and/or recklessly" in numerous, specifically delineated ways, including the following: alleged failure to follow accepted nursing home procedures, practices and industry standards; failure to provide adequate staffing; failure to assess, evaluate and supervise the nursing staff; failure to ensure adequate hydration of Ms. Duncan; failure to follow federal regulations for long-term care regarding nutrition and hydration; and failure to adequately monitor and assess Ms. Duncan's respiratory status.

16. Wood further specifically alleged in her complaint in the underlying suit that the defendants: (1) negligently hired and retained incompetent staff; (2) failed to train and/or adequately train the nursing staff; (3) assigned incompetent personnel to Ms. Duncan's care who were not fit to provide adequate nursing care; (4) failed to provide sufficient licensed and competent medical personnel to provide for Ms. Duncan's medical and nursing needs; (5) breached their non-delegable duty to administer their nursing home facility in a manner that enabled it to use resources effectively

and efficiently in order to attain the highest practicable physical, mental and psycho social well being of Ms. Duncan; (6) failed to perform services in accordance with accepted standards of medical and clinical practice; and, among other things, (7) failed on a systemic level to adopt, promulgate, monitor and/or enforce policies and procedures at Talladega Healthcare to prevent or minimize the risk of the foregoing acts and omissions and the reasonable foreseeable harm and risk of harm and/or death proximately caused thereby.

17. Wood in her complaint in the underlying case further brought claims against the defendants for breach of contract and breach of warranty. Wood seeks both compensatory and punitive damages in an amount to be decided by a jury.

18. At the time of the incident giving rise to the underlying suit, and at all material times, Defendant Talladega Healthcare was insured under a liability policy issued by Defendant GuideOne and with liability limits of $1,000,000.00. GuideOne has been providing a defense for Talladega Healthcare in the underlying suit.

19. Also at the time of the incident giving rise to the underlying suit, and at all material times, Defendant Talladega Healthcare was insured under Policy Number CU 0479951 issued by Plaintiff which was an Excess Liability Policy with effective coverage dates of 8/28/99 to 8/28/00 ("the Policy").

20. Plaintiff was not provided with any notice or information whatsoever related to the underlying suit or the loss or acts giving rise to the underlying suit until **Tuesday, October 22, 2002**. The plaintiff had absolutely no prior knowledge of the underlying suit or the loss or acts giving rise to same until that date. Furthermore, as of that date, the underlying suit was scheduled for trial the following Monday, October 28, 2002. Furthermore, Wood's settlement demand as of that date was $4.5 million. The demand was lowered to $1.5 million on October 23, 2002 with a caveat that this

lower demand would be withdrawn should the trial court continue the case based upon Talladega Healthcare's Motion to Continue which was set to be heard the morning of October 24, 2002 and the previous $4.5 million would be reinstated. The trial court did in fact grant the continuance, alerting the attorneys by phone the afternoon of October 24, 2002, and Wood immediately withdrew the $1.5 million demand and reinstated the $4.5 million demand. At no time whatsoever did Talladega Healthcare or GuideOne make any offer of settlement to Wood or otherwise pursue settlement negotiations.

## THE CONTROVERSY

21.  The Plaintiff hereby incorporates by reference all averments, allegations and facts found in paragraphs 1-20 as if fully set forth here.

22.  Under the insuring agreement of the Policy, Plaintiff, in consideration of the premiums paid, agreed to provide coverage as follows:

> To indemnify the Insured for that amount of loss which exceeds the amount of loss payable by underlying policies described in the Declarations, but [Gulf's] obligation hereunder shall not exceed the Limits of Liability stated in Section I (C) of the Declarations.

23.  The Policy also contained the following conditions:

> **A.  Application of Underlying Insurance.** Except as otherwise stated herein, and except with respect to (1) any obligation to investigate or defend any claim or suit, or (2) any obligation to renew, the insurance afforded by this policy shall apply in like manner as the underlying insurance described in Section II. (A) of the Declarations.

***

> **C.  Loss Payable.** Liability of [Gulf] with respect to any one occurrence shall not attach unless and until the Insured, or the Insured's underlying insurer, has paid the amount of underlying insurance stated in Section II (B) of the Declarations. ...

***

  **E.** **Assistance and Cooperation.** [Gulf] shall not be called upon to assume charge of the settlement or defense of any claim made or proceeding instituted against the Insured; but [Gulf] shall have the rights and opportunity to associate with the Insured in the defense and control of any claim or proceeding reasonably likely to involve [Gulf]. In such event the Insured and [Gulf] shall cooperate fully.

***

  **G.** **Notice of Occurrence.** Upon the happening of an occurrence reasonably likely to involve [Gulf] hereunder, written notice shall be given as soon as practicable to [Gulf] or any of its authorized agents. Such notice shall contain particulars sufficient to identify the insured and the fullest information obtainable at the time. The insured shall give like notice of any claim made on account of such occurrence. If legal proceedings are begun, the Insured, when requested by [Gulf], shall forward to it each and every demand, notice, summons, or other process, or a copy thereof, received by the Insured or the Insured's representatives, together with copies of reports or investigations made by the Insured with respect to such claim proceedings.

  24. It is clear from the above facts that Talladega Healthcare was on notice of the underlying suit once they were served with the Summons and Complaint on or about January 5, 2001. It is reasonable to assume, furthermore, that Talladega Healthcare was on notice that Duncan's death would result in a legal claim, and that this particular claim would likely involve Plaintiff, well before that date. In any event, at a minimum, Talladega Healthcare was on notice by **January 5, 2001**. Furthermore, *contrary* to the express provisions of the Policy, Talladega Healthcare failed to give the requisite notice to Plaintiff of the claim until **October 22, 2002**. Accordingly, Plaintiff did not get *any* notice, much less the form of notice required under the Policy, of the claim until almost three years after Duncan's death and almost two years after Talladega Healthcare was served with the Summons and Complaint in the underlying suit.

  25. The failure of Talladega Healthcare to provide the requisite notice to Plaintiff of the subject claim and the underlying suit has caused Plaintiff to be substantially prejudiced. Plaintiff has not had the right and opportunity, as provided for under the Policy, "to associate with [Talladega

Healthcare] in the defense and control of ..." the underlying suit. Plaintiff was not given an opportunity to protect its rights and interests by participating in a meaningful fashion in settlement discussions when Wood lowered her settlement demand and there was a possible window of opportunity to resolve Wood's claims.

26. The failure of Talladega Healthcare and GuideOne to reasonably undertake to negotiate a settlement with Wood, at a time when Wood's demand was lowered and close to GuideOne's liability limits, and at a time when Plaintiff had not been given the requisite notice and/or a reasonable opportunity to participate in settlement talks in a meaningful and informed manner, has caused substantial and perhaps irreparable prejudice to Plaintiff.

27. There are perhaps other issues related to the defense of the underlying suit, with which Plaintiff was not allowed an opportunity to participate, as provided for under the Policy, that may independently or further have served to cause substantial and perhaps irreparable prejudice to Plaintiff.

28. The Plaintiff states that the above language and provisions of the Policy, coupled with the above facts, operate so as to arguably bar coverage for the defendants in the underlying suit and therefore for the alleged injuries and damages suffered by Wood as set out in her complaint in the underlying suit. The Plaintiff states therefore that, under such circumstances, it would have no duty to indemnify the defendants in the underlying suit or otherwise satisfy any judgment rendered in the underlying suit or participate in any contribution toward a possible settlement that may be reached among the parties in the underlying suit at the expected upcoming mediation. The plaintiff has not denied coverage in this matter and files this action so that the coverage issues may be adjudicated and the obligations of the parties determined.

**REQUEST FOR RELIEF**

29.   The Plaintiff hereby incorporates by reference all averments, allegations and facts found in paragraphs 1-28 as if fully set forth here.

30.   There now exists a justiciable controversy between the Plaintiff and the Defendants as to the rights, liabilities, status or legal relationships of the parties. There specifically exists a justiciable controversy as to the Plaintiff's alleged duty to indemnify the Defendants in the underlying suit, as described with further particularity herein.

31.   The Plaintiff hereby offers to do equity.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays:

(1)   This court will take jurisdiction of the case;

(2)   That this Court will order, adjudge and decree that this is a proper case for an action for declaratory judgment and that there is a bona fide controversy between the parties to their legal rights, liabilities, status and relationship;

(3)   That process of this Court be issued to defendants as provided by the law and rules of this Court, and that they be ordered to respond to this complaint for declaratory judgment within the time required by law, or, in the event of their failure to do so, suffer a decree pro confesso;

(4)   That upon a final hearing of this cause the Court will declare the rights, liabilities, status and legal relationships of the plaintiff and the said policy of insurance referred to herein and declare what duty to indemnify, if any, exists on the part of the plaintiff;

(5)   That upon a final hearing of this case the Court will order, adjudge, declare or decree what coverage, if any, is afforded the defendants under said policy of insurance issued by the plaintiff; and

(6)   If plaintiff is mistaken in any special relief sought, then it prays for such other, further or more general relief to which it may be entitled in the premises.

*Patrick R. Norris*
Patrick R. Norris
Attorney for Plaintiff

OF COUNSEL:

McDANIEL, BAINS & NORRIS, P.C.
Two Metroplex Drive
Suite 504
Birmingham, Alabama 35209-6812
(205) 871-1811

Please serve defendants at: by certified mail

Defendant's Addresses:

Mary Duncan Wood
7900 Cove Ridge Road
Hixson, Tennessee 37343

Talladega Healthcare Center, Inc.
C/O Jack P. Stephenson, Jr.
420 North 20th Street, Suite 3000
Birmingham, Alabama 35203

Bobby Stephenson
616 Chaffee Street
Talladega, Alabama 35160

Tracy Humble
616 Chaffee Street
Talladega, Alabama 35160

GuideOne Insurance
Charles Owen
225 North Memorial Drive, #10
Prattville, Alabama 36067